**UNITED STATES of America**

v.

**Scott REPELLA, Appellant.**

**No. 07–4578.**

United States Court of Appeals, Third Circuit.

Argued Nov. 17, 2009.

Filed: Dec. 9, 2009.

Theodore B. Smith, III, Esq., Office of the United States Attorney, Harrisburg, PA, Barbara K. Whitaker, Esq. (Argued), Office of the United States Attorney, Scranton, PA, for Appellee.

Walter S. Batty, Jr., Esq. (Argued), Swarthmore, PA, Thomas P. Hogan, Jr., Esq., Lamb McErlane, West Chester, PA, for Appellant.

BEFORE: SCIRICA, Chief Judge, JORDAN and COWEN, Circuit Judges.

## OPINION

COWEN, Circuit Judge.

Scott Repella appeals a judgment of conviction for bank fraud (18 U.S.C. § 1344) on the ground that his plea was taken in violation of Rule 11 of the Federal Rules of Criminal Procedure. We will vacate the conviction for bank fraud and remand for further proceedings.

## I. BACKGROUND

Repella was indicted for one count of bank fraud under 18 U.S.C. § 1344 (Count One) and one count of wire fraud under 18 U.S.C. § 1341 (Count Two). Repella pleaded guilty to both counts. He now asserts that his plea to bank fraud was invalid as it was not a knowing plea. Repella contends that the evidence in the record, consisting of the indictment, the plea colloquy transcript, and the pre-sentence report, is insufficient to establish bank fraud as the government failed to establish that he had the intent to defraud a bank.

> Count One of the indictment states that:
> From in or about October, 2003 and continuing to in or about December, 2004, in the Middle [District] of Pennsylvania, SCOTT REPELLA willfully and knowingly executed and attempted to execute a scheme to defraud financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation and to obtain money from those institutions by means of false and fraudulent representations. It was part of the scheme to defraud that Repella would make on-line check purchases of computers and related items from Gateway Computers, Staples and Dell Computers. For each purpose he provided bank information (the ABA/routing number, checking account number and check number) to the retailer on-line. Repella falsely used invalid routing numbers assigned to Citizens Savings Bank and the Wilkes Barre VA Employees Credit Union. However, before the account information was determined to be fraudulent, Repella caused the on-line retailers to ship merchandise, totaling in excess of $20,000.00 to him at various addresses within the Middle District of Pennsylvania.

(App.25.)

During the plea colloquy, Repella stated very little with respect to the bank fraud charge. He indicated that he agreed to plead guilty "[b]ecause [he] defrauded these companies." (App.61.) It is unclear whether Repella was referring to the banks listed in Court One or to the computer retailers that he targeted. The government's proffer did not include any statements regarding Repella's intent, nor did the pre-sentence investigation report ("PSR").

## II. STANDARD OF REVIEW

A challenge to the sufficiency of the factual basis of a guilty plea, raised for the first time on appeal, is reviewed for plain error. *See United States v. Corso*, 549 F.3d 921, 928–29 (3d Cir.2008). The appellant must demonstrate "(1) that there was

an error, *i.e.*, a deviation from a legal rule, (2) that the error was 'plain,' *i.e.*, clear or obvious, and (3) that the error affected his substantial rights." *Corso*, 549 F.3d at 928 (citing *Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)). Finally, this court "will exercise our discretion to correct the unpreserved error only if [the appellant] persuades us that (4) a miscarriage of justice would otherwise result, that is, if the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 929 (internal quotation marks omitted).

## III. DISCUSSION

A guilty plea must be made "voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." *E.g., United States v. Lessner*, 498 F.3d 185, 192 (3d Cir.2007) (quoting *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005)) (internal quotation marks omitted). "Rule 11 of the Federal Rules of Criminal Procedure sets forth the standards governing the acceptance of guilty pleas." *Lessner*, 498 F.3d at 193. "A district court may not accept a plea of guilty without first personally addressing the defendant, under oath and in open court, and ascertaining that the plea is voluntary." *Id.* (citing Fed.R.Crim.P. 11(b)(1), (2)). Additionally, "[t]he court must also ascertain that the defendant understands the rights that he or she is waiving by pleading guilty, and that there is a factual basis for the plea." *Id.* (citing Fed.R.Crim.P. 11(b)(1), (3)). "The court may make that inquiry by looking to the defendant's own admissions, the government's proffer of evidence, the presentence report, or whatever means is appropriate in a specific case—so long as the factual basis is put on the record." *United States v. Cefaratti*, 221 F.3d 502, 509 (3d Cir.

2000). "A variance from the requirements of this rule is harmless error if it does not affect substantial rights." Fed.R.Crim.P. 11(h).

Under § 1344, it is unlawful to "knowingly execute[ ], or attempt[ ] to execute, a scheme or artifice—(1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises...." 18 U.S.C. § 1344. "Bank fraud may involve a scheme to take a bank's own funds, or it may involve a scheme to take funds merely in a bank's custody." *United States v. Thomas*, 315 F.3d 190, 197 (3d Cir.2002). It is well-settled that the government must establish that a perpetrator who targets non-bank entities had an intent to harm a bank by exposing a bank to loss or liability. *See United States v. Leahy*, 445 F.3d 634, 647 (3d Cir.2006) (noting that "where the perpetrator had an intent to victimize the bank by exposing it to loss or liability, such conduct falls comfortably within the reach of § 1344; however, where there is no evidence that the perpetrator had an intent to victimize the bank, *Thomas* makes clear that merely an intent to victimize some third party does not render the conduct actionable under § 1344").

The government failed to establish bank fraud as there is no evidence of Repella's "intent to defraud a bank" in the indictment, plea-colloquy transcript or the PSR. Repella's admission that he "defrauded these companies" does not indicate whether he was referring to the online retailers or the banks. The government failed to clarify this ambiguity at the plea colloquy and in the PSR.

The government argues that Repella intended to harm banks by putting them at risk for losses because if the online retailers sought payment from the banks and the banks paid the retailers from the fictitious accounts, the banks would forfeit those funds with no recourse. This speculation is insufficient to establish the requisite intent. Banks have no legal obligation to pay third-parties for charges incurred on non-existent accounts and it is unreasonable to assume that any of the banks at issue had policies requiring such payments. The government makes much of the purchase made using Repella's account at the VA Federal Credit Union as he provided correct account information for an account with insufficient funds. First, there is no evidence that he knew that the account had insufficient funds. More importantly, if we were to embrace this theory of bank fraud, each time someone made a purchase with a check from an account for which there was insufficient funds, the government could indict for bank fraud.[1] Congress did not contemplate such indictments.

The government also argues that had Repella proceeded to trial, it would have established his intent through his *modus operandi*. The government asserted that:

> [I]t was Repella's method of operation to identify accounts, transposing numbers and berating bank personnel, blaming them for the error and threatening legal action. Citizens Bank, like FNCB involved in his scheme in Count 2 of the Indictment, may have attempted to accommodate Repella in the name of customer relations and hoping for repayment. Repella, however, elected not to go to trial, where his course of conduct

would be evidence of his intent to defraud.

(Gov't Br. at 17.) Additionally, the government asserted that this "has been his federal criminal history since 2001." (Gov't Br. at 18.)

These assertions, raised for the first time on appeal, are not supported by the record, and as such, cannot be considered when evaluating Repella's intent. A review of Repella's PSR indicates that he does not have any prior bank fraud convictions on his record. His criminal history indicates an extensive history of passing bad checks in exchange for goods and services; however, the intent to defraud a bank in this case cannot be inferred from that conduct.

There is an insufficient factual basis to support Repella's conviction for bank fraud. Moreover, Repella is able to satisfy the remaining requirements of plain-error review. This circuit has held that an unsupported conviction which provided the basis for a sentence must be vacated under plain-error review, even if the defendant is serving a concurrent sentence. *See United States v. Tann*, 577 F.3d 533, 542–43 (3d Cir.2009) (vacating a conviction for plain error).

## IV. CONCLUSION

We will vacate the judgment of conviction for bank fraud and remand for further proceedings.

---

1. At oral argument, the government directed our attention to *United States v. Schwartz*, 899 F.2d 243, 247 (3d Cir.1990) for the broad proposition that passing a check on an account with insufficient funds constituted bank fraud. The government misinterpreted this case. *Schwartz* involved check-kiting, which is a direct assault on the deposits of a bank. Our case involves a scheme that targeted non-bank entities.