**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3766
_____

UNITED STATES OF AMERICA

v.

SCOTT REPELLA,
                              Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 3:06-cr-00111-001)
District Judge: Honorable Richard P. Conaboy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 25, 2014

Before: FUENTES, GREENBERG, and VAN ANTWERPEN, *Circuit Judges*

(Filed: March 28, 2014)
_____

OPINION OF THE COURT
_____

VAN ANTWERPEN, *Circuit Judge*.

This case is governed by *Anders v. California*, 386 U.S. 738 (1967). The matter

arises out of the District Court for the Middle District of Pennsylvania's revocation of the

supervised release of Appellant Scott Repella ("Repella") and subsequent sentence of 14

months' imprisonment. For the reasons that follow we will grant counsel's request to withdraw and affirm the judgment and sentence of the District Court.

## I.    BACKGROUND

Because we write solely for the parties, we will only briefly review the essential facts. On February 8, 2007, Repella pleaded guilty to mail fraud in violation of 18 U.S.C. § 1341.[1] He was sentenced to 41 months' imprisonment followed by a 3 year term of supervised release, and ordered to pay restitution of $70,136.08. On November 16, 2010, Repella began his supervised release.[2] On April 10, 2013 the District Court issued a warrant for his arrest due to technical violations, including failing to reside at his approved address, failing to report to the Probation Office, and failing to maintain restitution payments. On July 15, 2013, Repella pleaded guilty to misdemeanor charges of harassment by communications and criminal mischief.

The Probation Office concluded that Repella's conduct constituted Grade C violations pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 7B1.1(a)(3). It determined that his advisory imprisonment range would be 8–14 months, based on a criminal history category of VI. A Supervised Release Revocation Hearing was scheduled for August 28, 2013.

---

[1] Repella also pleaded guilty to bank fraud in violation of 18 U.S.C. § 1344. He was sentenced to 41 months' imprisonment and a 5 year term of supervised release to run concurrently with his mail fraud sentence. This Court vacated the bank fraud conviction. *United States v. Repella*, 359 F. App'x 294, 297 (3d Cir. 2009).

[2] Approximately one month later, the Probation Office requested a warrant for his arrest due to new criminal charges. The District Court revoked his term of supervised release, sentenced him to time served, and ordered that he serve 2 years of supervised release.

Prior to the revocation hearing, counsel submitted Repella's mental health treatment records to the District Court. At the revocation hearing, Repella admitted to the violations. The Government, acknowledging Repella's mental health issues, requested a 12 month and one day sentence. Defense counsel argued in favor of inpatient psychiatric hospitalization rather than incarceration. Repella explained that he had received inconsistent treatment and was not properly medicated in prison.

The District Court indicated that it had reviewed Repella's entire file, including his mental health condition and most recent efforts at self-reporting to healthcare professionals. It specifically considered mitigation but concluded that Repella sought mental health treatment only when he found himself in legal trouble. It noted Repella's history of deceit, the 18 U.S.C. § 3553 factors, and its consideration of statements by the Government, defense counsel, and Repella during the revocation hearing. The District Court sentenced Repella to 14 months' imprisonment.

Repella filed a notice of appeal. His court-appointed counsel seeks to withdraw pursuant to Third Circuit Local Appellate Rule ("L.A.R.") 109.2 and *Anders*. Repella has submitted a *pro se* brief in support of the appeal.

## II.    DISCUSSION[3]

Under *Anders*, if appellate counsel "finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel's request must include "a brief referring to anything

---

[3] The District Court had subject-matter jurisdiction pursuant to 18 U.S.C. §§ 3231 and 3583(e). We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

in the record that might arguably support the appeal." *Id.* To meet the requirements of *Anders* and L.A.R. 109.2(a), counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues and then explain why the issues are frivolous." *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009) (quoting *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)) (internal quotation marks omitted). An appeal is frivolous if it "lacks any basis in law or fact." *McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429, 438 n.10 (1988). Counsel need not "raise and reject every possible claim." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). At minimum, however, counsel must satisfy *Anders*' "conscientious examination" standard. *Id.* (quoting *Anders*, 386 U.S. at 744).

In evaluating an *Anders* brief, the Court makes a two-fold inquiry: "(1) whether counsel adequately fulfilled [L.A.R. 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *Id.* If the brief is adequate, the Court will confine its review to those portions of the record counsel has identified, as well as those identified in the defendant's *pro se* brief (if filed). *Id.* at 301. In the event we agree that there are no nonfrivolous grounds for appeal, we grant counsel's motion and dismiss or affirm. *Anders*, 386 U.S. at 744.

Counsel has identified and rejected as frivolous three potentially appealable issues: (1) jurisdiction of the District Court; (2) adequacy of proof of the violations; and (3) the reasonableness of the sentence. Counsel has reviewed the relevant law, explained why the appeal is frivolous, and appended relevant portions of the record. We find that counsel's

4

"conscientious examination" satisfies *Anders* and L.A.R. 109.2(a). Our independent review confirms that these issues present no non-frivolous grounds for appeal.

### A. *The District Court's Jurisdiction*

There is no basis to challenge jurisdiction. The underlying mail fraud conviction invoked the District Court's jurisdiction over offenses against the laws of the United States. 18 U.S.C. § 3231. The original conduct occurred, in part, within the Middle District of Pennsylvania. Pursuant to 18 U.S.C. § 3583(e)(3), the District Court had authority to revoke Repella's term of supervised release. The technical supervised release violations and conduct resulting in Repella's guilty plea both occurred in the Middle District of Pennsylvania.

### B. *The Sufficiency of Proof of the Supervised Release Violation*

There is also no basis for challenging the sufficiency of proof of the violation. To revoke a term of supervised release, the court must find that a violation of a condition of supervised release occurred based upon a preponderance of the evidence. § 3583(e)(3). Repella admitted to the technical supervision violations and to his state court misdemeanor convictions. The District Court conducted a thorough colloquy to ensure that Repella's waiver of his right to a hearing was voluntary. Even if the Government had been required to establish Repella's violation, his new state criminal conviction would have sufficed to prove the Grade C violation. *See United States v. Lloyd*, 566 F.3d 341, 344 (3d Cir. 2009) (finding defendant's guilty plea sufficient to establish violation of supervised release and justify revocation).

### C. *Reasonableness of the Revocation Sentence*

5

Finally, there is no basis for challenging the reasonableness of the sentence. We review sentences for procedural and substantive reasonableness, and the appellant bears the burden of demonstrating unreasonableness. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). First, we ensure the District Court committed no significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing the reasonableness of a sentence, we seek to ensure that "the record as a whole reflects rational and meaningful consideration of the factors enumerated in [§ 3553(a)]." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007). If no procedural errors exist, we consider substantive reasonableness. *Gall*, 552 U.S. at 51. The District Court must demonstrate that it "reasonably applied [the § 3553(a)] factors to the circumstances of the case." *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007). Our review is highly deferential. *Id.* "[U]nless no reasonable sentencing court would have imposed the same sentence," we affirm. *Tomko*, 562 F.3d at 568.

Additional considerations apply when a sentence is imposed for a violation of the conditions of supervised release. The sentence must "primarily . . . sanction the defendant's breach of trust while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." *Bungar*, 478 F.3d at 544 (quoting *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006)) (internal quotation

marks omitted). The district court must also consider the policy statements under Chapter 7 of the United States Sentencing Guidelines. *Id.* (citing 18 U.S.C. § 3553(a)(5)).

### 1.   *Procedural Reasonableness*

The record demonstrates that the District Court made no procedural error. The District Court correctly calculated the guideline range as 8–14 months for a Grade C violation coupled with a criminal history category of VI. It sentenced Repella within that range (14 months). It did not treat the Guidelines as mandatory but noted that the maximum available sentence was 2 years. The District Court gave meaningful consideration to the § 3553(a) factors, including the nature and circumstances of Repella's supervised release violation and Repella's history and characteristics pursuant to § 3553(a)(1), the need to protect the public from further crimes by Repella pursuant to § 3553(a)(2)(C), the need for medical care pursuant to § 3553(a)(2)(D), and the need to provide restitution to Repella's victims pursuant to § 3553(a)(7).

The District Court also considered that the sentence was imposed to "sanction [Repella's] breach of trust."[4] *Bungar*, 478 F.3d at 544. It specifically found that he had disappointed the people who tried to help him, including the "probation people," and

---

[4] Repella's *pro se* brief appears to argue that the District Court placed too much emphasis on punishing him for prior crimes rather than sentencing him primarily due to trust breaches. One sentence in the District Court's reasoning, when viewed in isolation, could support such an argument: "I think [14 months is] the only reasonable sentence that can be imposed on you for the purpose of nothing else, of protecting society against you and the way you have affected society over the years." (A. at 60–61.) However, we find that in totality, the District Court placed appropriate emphasis on Repella's breaches of trust, "while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." *Dees*, 467 F.3d at 853 (quoting U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt.) (internal quotation mark omitted).

recounted patterns of deceit.[5] (A. at 58–59.) The District Court also noted that Repella's

conduct surrounding the supervised release violation was consistent with his history of

not taking responsibility for his actions. In imposing the sentence, the District Court

consulted U.S.S.G. § 7B1.4(a) and calculated the correct range.

Finally, the District Court clearly "considered the parties' arguments" that

Repella's sentence should be mitigated by his mental health condition. *Rita v. United

States*, 551 U.S. 338, 356 (2007). The District Court indicated that it had reviewed

"many, many times, [Repella's] whole record," including "very lengthy reports" from the

Probation Office. (A. at 58.) The court explained its rationale for refusing to mitigate

Repella's sentence:

> [Y]ou've disappointed all the people who tried to help you; you
> disappointed the probation people. Everybody in your life. . . . But in the
> meantime, every time you get in trouble you turn yourself into health
> authorities. You go to a counselor or you go to a hospital and you say
> there's something wrong with me.
> ….
> You've been threatening, for instance, to hurt yourself since you're
> 12 years old. But instead of hurting yourself you've hurt everybody else
> that you've associated with. . . . All of that turns out to be self-pity in my
> judgment. To be sure, the doctors and the others who examined you seem
> to find that there are some problems. [But] you go looking for help to
> doctors and hospitals and guidance counselors a day or two after you hurt
> somebody else all the time. That's your whole record.

(*Id.* at 58–59.)

---

[5] "All the people you worked for, you took money from them and didn't do their repairs.
You gave bad checks to people who afforded credit to you." (A. at 59.)

The District Court also noted the "whole slew of people" that Repella had offended and that he still owed nearly $70,000 in restitution, which he had only made a small effort to repay. (*Id.* at 59.) It concluded:

> [B]ased on all of the things that I've heard here today . . . it's my intention to sentence you at the high end of the guideline range, not the low end, because I think it's the only reasonable sentence that can be imposed on you for the purpose of nothing else, of protecting society against you and the way you have affected society over the years.
> And I've looked at the United States Sentencing Guidelines, . . . [§] 3553 and other matters to decide what's the most reasonable sentence under the circumstances, and I've taken all into consideration what you've said and your lawyer and the government lawyer . . . .
> . . . [I]n view of all that's been said and what I've said to you -- [I've] determined that the following sentence is appropriate for you . . . .

(*Id.* at 60–61.) Thus, no nonfrivolous argument exists for procedural error.

### 2.    *Substantive Reasonableness*

Finally, the record demonstrates that the District Court made no substantive error. U.S.S.G. § 7B1.4(a) provides an advisory custody range of 8–14 months under these circumstances. The District Court sentenced Repella within that range (14 months), and our review respecting the § 3553(a) factors confirms its reasonableness. *See Bungar*, 478 F.3d at 542. The gravamen of Repella's *pro se* brief is that the sentence was substantively unreasonable because the District Court failed to appropriately consider his mental health issues. However, the District Court considered and rejected this mitigating factor. *See id.* at 545–46. Additionally, as discussed, the District Court applied a sentence that highlighted Repella's breach of trust, and, to a limited degree, his criminal history and the seriousness of his supervised release violation. *See id.* at 544. We cannot say that "no

reasonable sentencing court would have imposed the same sentence on [Repella] for the reasons the [District Court] provided." *Tomko*, 562 F.3d at 568.

### III.    CONCLUSION

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the District Court's judgment and sentence.